**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 26-cv-60345-JB**

LUIS GARCIA BERMUDEZ,

     Petitioner,

v.

WARDEN, BROWARD TRANSITIONAL CENTER,
AND U.S. DEPARTMENT OF
HOMELAND SECURITY,

     Defendants.

_____/

## ORDER TO SHOW CAUSE-28 U.S.C § 2241

**THIS CAUSE** is before the Court on the *pro se* Petition for Writ of Habeas Corpus ("Petition") brought pursuant to 28 U.S.C. § 2241 by Petitioner Luis Garcia Bermudez ("Petitioner") while confined at the Broward Transitional Center ("Broward Center") in Pompano Beach, Florida, ECF No. [1], (the "Petition") and Petitioner's Motion for Emergency Medical Release, ECF No. [3], (the "Motion").  In the Petition, Petitioner raises multiple grounds for relief, challenging his continued immigration detention pursuant on Medical and Humanitarian Grounds. ECF No. [1] at 1.  As relief, Petitioner seeks an Order from the Court declaring his continued detention unconstitutional and requiring his immediate release from immigration custody.  *Id.* at 7.

"Section 2241 provides a writ of habeas may issue to a prisoner . . . [who is] in custody in violation of the Constitution or laws or treaties of the United States."

*Medberry v. Crosby,* 351 F.3d 1049, 1059 (11th Cir. 2003). Upon entertaining a § 2241 habeas corpus petition, a court "shall . . . award the writ of habeas corpus or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243. Accordingly, it is **ORDERED AND ADJUDGED** that:

1.  Counsel for the Respondent, upon receipt of this Order, shall **immediately** notify the Court of the name of the Assistant United States Attorney to whom the case is assigned.

2.  On or before **February 16, 2026**, Respondent shall file a memorandum of fact and law to show cause why this Petition should not be granted and shall file all necessary documents for the resolution of the Petition. *See* 28 U.S.C. § 2243 (a response to the order to show cause "[s]hall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."). Respondent shall also respond to Plaintiff's Motion by such time. Respondent shall file the responses and appendices simultaneously, but if unable to do so, then Respondent shall file a motion for extension of time setting forth good cause supported by a detailed explanation of the specific facts giving rise to the need for additional time.

3.  Counsel for Respondent shall caption the response as a "Response" or alternatively, an "Answer," and <u>not</u> a "Motion to Dismiss." The statute, 28 U.S.C. § 2243, calls for a "Return." Any motion for an extension of the date specified for the filing of the Response or Answer must be case-specific and must detail the reasons the extension is sought. <u>Any motion seeking an extension of time based on an inability to procure records shall be accompanied by documentation showing that the records were requested in a timely fashion, that they remain unavailable, and the date on which they are expected to be received</u>. Any motion seeking an extension of time must also comply with the Court's Practices and Procedures to the extent possible.

4.  **Respondent is reminded that he or she must provide Petitioner full and complete copies of all documents filed in support of his or her Response or Answer, and Response to the Motion.** *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of a pleading for all purposes"); *Rodriguez v. Fla. Dep't of Corr.,* 748 F.3d 1073 (11th Cir. 2014) ("[A]ll documents referenced in the answer and filed with the Court must be served on the habeas petitioner.").

2

5.      Respondent **shall** refrain from transferring Petitioner out of the jurisdiction of this Court during the pendency of this proceeding and while the Petitioner remains in Respondent's custody.

6.      Petitioner may, but is not required to, file a Reply within **three (3) days** of the date on which the Court dockets Respondent's Answer or Response, which date is shown by the certificate of service on the Respondent's filing.  The Court cautions Petitioner that he must take any potential mailing delays into consideration in determining when to submit the Reply to prison authorities for mailing.  If the Reply is not filed within **three (3) days** of the date of docketing of the Respondent's Answer or Response, the Court will deem the matter ripe and will not consider any untimely Reply.  *See* Rule 5(e), Rules Governing Section 2254 Cases ("The petitioner may submit a reply to the respondent's answer . . . within a time fixed by the judge.").

7.      Petitioner's Reply, if any, shall not exceed **ten (10) pages** and shall otherwise comply with the Court's applicable Local Rules governing the form of filings.  *See* S.D. Fla. L.R. 7.1(c); S.D. Fla. L.R. 5.1(a)(4).

**DONE AND ORDERED** in Miami, Florida, this 11th day of February, 2026.

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**