**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 0:26-cv-60345-JB**

LUIS GARCIA BERMUDEZ,

      Petitioner,

v.

WARDEN, BROWARD TRANSITIONAL
CENTER, AND U.S. DEPARTMENT OF
HOMELAND SECURITY, *et al.*,

      Respondents.

_____/

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** comes before the Court upon Petitioner Luis Garcia Bermudez's Verified Petition for Writ of Habeas Corpus (the "Petition").  ECF No. [1]. Respondents filed a Return opposing the Petition, and Petitioner filed a Reply with a supporting affidavit.  ECF Nos. [7], [10], [11].  Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Petition is **GRANTED IN PART**.

### I.   BACKGROUND

Petitioner is a Cuban citizen who has resided in the United States since August 2022.  ECF No. [7-2] at 1.  On August 4, 2022, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA"), charging Petitioner with inadmissibility under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as "an alien present in the United States who has not been admitted or paroled," and thereby

1

initiated removal proceedings against Petitioner under 8 U.S.C. § 1229(a). ECF No. [7-2]. Petitioner was then released on his own recognizance "[i]n accordance with section 236 of the Immigration and Nationality Act [codified at 8 U.S.C. ¶ 1226]." ECF No. [7-3].

On October 10, 2025, Petitioner appeared before an Executive Office for Immigration Review ("EOIR") immigration judge ("IJ") for an initial hearing. ECF No. [7-4]. At the hearing, Respondents moved to dismiss Petitioner's pending removal proceedings, which the IJ granted without prejudice. *Id.* DHS then took Petitioner into custody and "process[ed] [him] as expedited removal." ECF No. [9-1] at 3. Petitioner is currently detained at the Broward Transitional Center pending removal proceedings. *See* ECF No. [7] at 2. Petitioner appealed the IJ's dismissal order to the Board of Immigration Appeals ("BIA"), which remains pending. ECF No. [9-5].

On February 9, 2026, Petitioner filed the instant Petition. ECF No. [1]. Petitioner challenges the legality of his continued detention, primarily because of the "serious medical neglect" he allegedly experiences while in custody. *Id.* Petitioner alleges that he was arrested only a few months after undergoing major spinal surgery, and because he cannot continue participating in rehabilitation therapy, his condition, and mobility have severely deteriorated. *See* ECF No. [1] at 1–2. Petitioner also alleges that he suffered a fall while in custody, further injuring his back. *Id.* In his Reply, Petitioner contends that his continued detention, which now exceeds six months, "is no longer reasonable or humane" given his "worsening medical condition" and "the lack of adequate care." ECF No. [10] at 2.

Petitioner requests that the Court grant his Petition and (i) order an "immediate independent medical evaluation," (ii) order his "immediate release on medical and humanitarian grounds or impose conditions ensuring proper medical care," and (iii) "grant any other relief the Court deems just and proper." *Id.* at 3.

Respondents filed a Response to the Petition. ECF No. [7]. Respondents argue that Petitioner is subject to detention under 8 U.S.C. § 1225(b)(2)(A), rather than 8 U.S.C. § 1226(a), such that he can only be released on humanitarian parole and can be detained without an individualized bond hearing. *Id.* at 2–8. Respondents also argue that Petitioner's claim for inadequate medical care constitutes a challenge to the conditions of his confinement which is not cognizable in a habeas petitioner. *Id.* at 8–9.

## II.   ANALYSIS

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Respondents do not challenge the Court's authority to consider the Petition, but argue that Petitioner is properly detained as an applicant for admission under 8 U.S.C. § 1225(b)(2)(A).

3

### A. Legality of Petitioner's Mandatory Detention

As mentioned, Respondents contend that Petitioner's entry into the United States without inspection or admission renders him an "applicant for admission" under 8 U.S.C. section 1225(b)(2)(A), making him subject to mandatory detention and ineligible for a bond hearing.  ECF No. [7] at 2–8.  Given Petitioner's *pro se* status and Respondents' discussion of the issue, the Court construes the Petition broadly to include a claim that Petitioner's mandatory detention is unlawful.[1]  As explained below, the Court finds that Petitioner's detention is governed by 8 U.S.C. section 1226(a), which allows for the release of noncitizens on bond, rather than 8 U.S.C. section 1225.   The Court examines each of these statutes in turn.

#### i.    8 U.S.C. § 1225

Section 1225 governs the inspection, detention, and removal of applicants for admission.  *See* 8 U.S.C. § 1225 *et seq*.  Applicants for admission are defined as noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id.*  All applicants for admission "must be inspected by immigration officers to ensure that they may be admitted into the country consistent with U.S. immigration law."  *Jennings v. Rodriguez*, 583 U.S. 281, 287

---

[1] The Court also notes that Respondents' conduct in dismissing Petitioner's regular removal proceedings, immediately re-arresting him, and then placing him in expedited removal may violate Petitioner's due process rights under the Fifth Amendment to the United States Constitution. *See e.g.*, *Gonalez-Carmona v. Ripa*, No. 25-cv-1128, 2025 WL 3649577, at * 1 (M.D. Fla. Dec. 17, 2025) (finding that "ICE violated [Petitioner's] right to due process by revoking his parole, designating him for expedited removal, and detaining him without reasonable notice and a meaningful opportunity to be heard."). Given that neither party raises the issue, the Court does not address it here.

(2018).[2]  To that end, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)." *Id.* at 289 (emphasis added).

"Section 1225(b)(1) applies to aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation." *Id.*  Such noncitizens are generally subject to expedited removal "without further hearing or review."  8 U.S.C. § 1225(b)(1).  However, if the noncitizen expresses "an intention to apply for asylum" or a fear of persecution," the statute requires referral to an interview with an immigration officer.  *Id.* § 1225(b)(1)(A)(ii).  If the immigration officer finds a "credible fear," the noncitizen "shall be detained for further consideration of the application for asylum." *Id.*  Respondents concede that Petitioner is "not subject to detention under 8 U.S.C. § 1225(b)(1)."  ECF No. [7] at 12.

On the other hand, "Section 1225(b)(2) is broader" and "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)." *Jennings*, 583 U.S. at 287.  Noncitizens covered under § 1225(b)(2) are detained for removal proceedings "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" into the country.  8 U.S.C. § 1225(b)(2)(A).  Importantly, detention under § 1225(b)(2) is

---

[2] Indeed, *Jennings* began its analysis by emphasizing the temporal and categorical distinction between the detention statutes.  Section 1225 applies to noncitizens who are "seeking admission into the country" at the border or a port of entry, while section 1226 governs those "already in the country pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 285–89.

mandatory. *See Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025).

### ii.    8 U.S.C. § 1226

Federal immigration law "also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added). Section 1226(a) provides that when a noncitizen has been "arrested and detained pending a decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain the individual or release them on bond or conditional release. *See* 8 U.S.C. § 1226(a). The statute thus "establishes a discretionary detention framework." *Gomes*, 2025 WL 1869299, at *2. Importantly for purposes of the instant action, "[f]ederal regulations provide that aliens detained under [section] 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see also Lopez Benitez v. Francis*, No. 25-Civ-5937, 2025 WL 2371588, at *13 (S.D.N.Y. Aug. 13, 2025) ("To be sure, a noncitizen detained under [section] 1226(a) is undoubtedly entitled to a bond hearing before an immigration judge.").

### iii.    Petitioner's Detention Is Governed By 8 U.S.C. § 1226(a), Not 8 U.S.C. § 1225(b)(2)

Whether section 1225(b)(2) or section 1226(a) governs Petitioner's detention is a question of statutory interpretation squarely within the Court's jurisdiction. *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sep. 9, 2025) (noting that the interplay of these two sections is a matter "of statutory interpretation belong[ing] historically within the province of the courts") (citing *Loper*

6

*Bright Enter. v. Raimondo*, 603 U.S. 369, 386 (2024)); *Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579, at *5 (D. Me. Sept. 25, 2025) (district court had jurisdiction to review petitioner's challenge to the "statutory framework" regarding his detention); *see Gomes,* 2025 WL 1869299, at *8 n.9 ("Courts must exercise independent judgment in determining the meaning of statutory provisions"); *Mosqueda*, 2025 WL 2591530, at *7 (district court had jurisdiction to decide whether § 1225 or § 1226 applied as "[t]hese are purely legal questions of statutory interpretation").

From the outset of Petitioner's case, DHS proceeded under section 1226. Specifically, the Order of Release on Recognizance that DHS issued to Petitioner stated that was being released on his own recognizance "[i]n accordance with section 236 of the Immigration and Nationality Act," which is codified at section 1226. ECF No. [7-3] at 1. Additionally, the NTA that DHS issued to Petitioner did not classify him as an "arriving alien." ECF No. [7-2] at 1. Instead, the NTA charged him as "an alien present in the United States without admission or parole" under section 212(a)(6)(A)(i) of the INA, codified at 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* This classification places him squarely within section 1226. *See e.g., Pizarro Reyes*, 2025 WL 2609425, at *8 (emphasizing ICE's selection of "present" rather than "arriving" on the NTA as evidence that § 1226 applied); *see also Hyppolite v. Noem*, No. 25-4304, 2025 WL 2829511, *8 (E.D.N.Y. Oct. 6, 2025) (respondent's initial classification of petitioner "certainly is relevant to the Court's assessment of the credibility and good faith of 'Respondents' new position as to the basis for [Hyppolite's] detention, which

7

was adopted post hoc and raised for the first time in this litigation.'") (citation omitted); *Perez v. Berg*, No. 25-cv-494, 2025 WL 2531566, at *2 (D. Neb. July 24, 2025) ("The Court notes that the government itself charged Petitioner as an alien present in the United States who has not been admitted or paroled rather than an arriving alien.") (quotations omitted).

In addition, "[w]hereas [section] 1225 governs removal proceedings for 'arriving aliens,' [section] 1226(a) serves as a catchall." *Pizarro Reyes*, 2025 WL 2609425, at *5. As the Supreme Court stated in *Jennings*, section 1226 "creates a default rule" that "applies to aliens already present in the United States." *Jennings*, 583 U.S. at 303. The inclusion of a "catchall" provision in section 1226, particularly following the more specific provision in section 1225, is "likely no coincidence, but rather a way for Congress to capture noncitizens who fall outside of the specified categories." *Pizarro Reyes*, 2025 WL 2609425, at *5; *see also Barrera*, v. *Tindall*, No. 3:25-cv-541, 2025 WL 2690565, at *4 (W.D. Ky. Sept. 19, 2025) (citation omitted). The circumstances surrounding Petitioner's detention align with section 1226(a), not section 1225(b)(2). Indeed, other Courts in this Circuit and District have uniformly rejected Respondents' expansive interpretation of section 1225. *See, e.g.*, *Gil-Paulino v. Sec'y of the U.S. Dep't of Homeland Sec.*, 25-cv-24292, ECF No. [41], (S.D. Fla. Oct. 10, 2025) (respondent's interpretation of the INA "directly contravenes the statute" and "disregards decades of settled precedent"); *see also Pizarro Reyes*, 2025 WL 2609425, at *7 ("Finally, the BIA's decision to pivot from three decades of consistent statutory interpretation and call for Pizarro Reyes' detention under § 1225(b)(2)(A) is

8

at odds with every District Court that has been confronted with the same question of statutory interpretation."); *Puga*, No. 25-24535, 2025 WL 2938369, at *3–6; *Merino v. Ripa*, No. 25-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025); *Lopez v. Hardin*, No. 25-cv-830, 2025 WL 2732717, at *2 (M.D. Fla. Sept. 25, 2025); *Alvarez v. Morris*, 25-cv-24806, ECF No. [6], (S.D. Fla. Oct. 27, 2024) (collecting cases).

The Court recognizes that this issue is currently before the Eleventh Circuit Court of Appeals in *Hernandez-Alvarez v. Warden, Federal Detention Ctr. Miami, et al.* and *Cerro Perez v. Assistant Field Office Director, et al.*, and that the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi, et al.* and the Eighth Circuit Court of Appeals in *Avila v. Bondi*, recently issued decisions in Respondents' favor. *See Buenrostro-Mendez*, 166 F.4th 494 (5th Cir. 2026); *Avila*, 170 F.4th 1128 (8th Cir. 2026). However, neither of those decisions are controlling on this Court, and the Eleventh Circuit has not ruled on the matter. As such, there is no binding authority that contravenes the previous decisions of this Court. Indeed, the overwhelming weight of authority has consistently held that detainees such as Petitioner are entitled to an individualized bond hearing under 8 U.S.C. § 1226(a).

Accordingly, Petitioner's detention is governed by section 1226(a) and, therefore, he is entitled to an individualized bond hearing before an IJ. As such, Petitioner's mandatory detention under section 1225(b) without conducting a dangerousness and risk of flight determination is unlawful.

### B. Petitioner's Claim for Inadequate Medical Care is Outside the Scope of Habeas Relief.

Petitioner alleges that his worsening medical condition and the lack of adequate medical care render his detention unconstitutional. ECF No. [1] at 2. This claim concerns the conditions of Petitioner's confinement, rather than the *fact* of his confinement, and, thus, are outside the scope of habeas relief. *See Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir. 2015) ("Claims challenging the fact or duration of a sentence fall within the 'core' of habeas corpus, while claims challenging the conditions of confinement fall outside of habeas corpus law."). Moreover, "release from imprisonment is not an available remedy for a conditions-of-confinement claim." *Id*.; *see also Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990) ("The appropriate Eleventh Circuit relief from prison conditions . . . is to require the discontinuation of any improper practices . . . [it] does not include release from confinement."). Accordingly, Petitioner's claim challenging the conditions of his confinement is dismissed without prejudice because a habeas petition is not the appropriate vehicle to raise this claim. Such a claim is properly brought, if at all, pursuant to 42 U.S.C. § 1983. *See Vaz*, 634 F. App'x at 780.

## III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.       Petitioner Luis Garcia Bermudez's Verified Petition for Writ of Habeas Corpus, ECF No. [1], is **GRANTED IN PART**. The Court has determined that Petitioner's detention falls under 8 U.S.C. § 1226(a), and accordingly, Respondents

10

shall promptly afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner.

2.      Respondents shall, within 24 hours of the bond hearing, file a Status Report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

3.      If Petitioner is released and later detained under 8 U.S.C. § 1226(a), Respondents shall release Petitioner within ten days of his detainer unless he is provided with an individualized bond hearing before an immigration judge during that ten-day period.

4.      The remainder of the Petition is **DISMISSED WITHOUT PREJUDICE**.

5.      The Clerk is directed to **CLOSE** this case.

6.      Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Miami, Florida this 21st day of April, 2026.

_____

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**

11